UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT
EASTERN DIVISION

| | |
|---|---|
| RIVA RIDGE RESIDENTIAL ASSOCIATION-TWO, )<br><br>Plaintiff, )<br><br>vs. )<br><br>QBE INSURANCE CORPORATION, )<br><br>Defendant. ) | Case No.: 1:18-cv-2902 |

## COMPLAINT

Plaintiff, Rive Ridge Residential Association-Two, by its undersigned attorneys, for its complaint against Defendant, QBE Insurance Corporation, states:

## FACTS

1. At all times relevant, Plaintiff, Rive Ridge Residential Association-Two ("Plaintiff" or "Riva Ridge), was and is a citizen of Illinois, being an Illinois not-for-profit corporation with its principle place of business in Libertyville, Illinois, and was and is the owner of 49 buildings in Libertyville, Illinois (collectively "the Buildings" or "the insured premises").

2. At all times relevant, Defendant, QBE Insurance Corporation ("QBE"), was and is a Pennsylvania and New York citizen, being a Pennsylvania corporation with its principle place of business in New York, New York, was and is authorized to do business in the State of Illinois, and was and is engaged in the business of underwriting and issuing commercial property and casualty insurance for residential associations.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial district and the events giving rise to their claims occurred in this judicial district. Additionally, QBE does business and/or transacts business in this judicial district and, therefore, it is subject to personal jurisdiction in this judicial district and resides here for venue purposes.

5. QBE issued to Riva Ridge a property and casualty insurance policy effective September 1, 2015 through September 1, 2016 ("the insurance policy", a copy of which is attached hereto as Exhibit A).

6. Under the insurance policy, QBE insured Riva Ridge against direct physical loss or damage to the insured premises caused by hail.

7. On or about April 25, 2016, while the insurance policy was in full force and effect, the insured premises were damaged by hail ("the hail loss").

8. Riva Ridge submitted a claim to QBE under the insurance policy.

9. Riva Ridge has substantially performed all conditions required by the insurance policy to be performed by it, requested of it, and/or not waived by QBE including, but not limited to (a) paying the premium for the insurance policy, (b) giving notice of the loss to QBE, (c) cooperating with QBE in its investigation of the loss and the subsequent claim, and (d) filing suit against QBE within two years of the loss.

10. As a result, it is QBE's duty to pay the amount due under the insurance policy for the covered hail loss, including the cost to repair/replace the damage to the Buildings.

11. Although requested to do so, QBE has failed to pay for the damages sustained by Riva Ridge from the hail loss, including the cost to repair/replace the damage to the Building, thus breaching the insurance contract.

12. This breach of the insurance contract was and is the direct and proximate cause of damages to Riva Ridge in an amount in excess of $75,000.

13. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Riva Ridge is entitled to prejudgment interest.

WHEREFORE, Plaintiff, Riva Ridge Residential Association-Two, prays for judgment in its favor and against Defendant, QBE Insurance Corporation, in an amount in excess of $75,000, plus prejudgment interest and costs.

## COUNT II
**(Section 155 Relief)**

14. Riva Ridge re-alleges paragraphs 1 through 11 of count I of the Complaint as paragraph 14 of count II of the Complaint.

15. At the time of the loss, QBE's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

16. Riva Ridge is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of QBE engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay Riva Ridge for the loss within 40 days of the hail loss being reported to QBE, thus constituting an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(A) of the Illinois Administrative Code;

(b) failing to provide Riva Ridge with a reasonable written explanation for the delay in resolving its claim, after the claim remained unresolved for more than 75 days after it notified QBE of the loss, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(B) of the Illinois Administrative Code;

(c)     failing to provide Riva Ridge with a reasonable written explanation for the delay in resolving its claim, in violation of section 154.6 of the Illinois Insurance Codes and the regulations promulgated by the Illinois Director of Insurance within Section 919 of the Illinois Administrative Code;

(d)     failing to acknowledge with reasonable promptness pertinent communications regarding the claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of the Illinois Administrative Code;

(e)      not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the hail loss and ensuing claim, a claim in which liability was reasonably clear, in violation of Section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within Section 919.50 of the Illinois Administrative Code;

(f)     forcing Riva Ridge to retain legal counsel to investigate the hail loss and ensuing claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy;

(g)     refusing to pay for Riva Ridge's covered losses due and owing under the insurance policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, as evidenced by it retaining an engineering firm to investigate the hail loss who is repeatedly used by and is biased in favor of insurers like QBE, in violation of its internal claims polices, practices, and procedures and in violation of Section 154.6 of the Illinois Insurance Code;

(h)     disclaimed coverage for the hail loss based on an unreasonable interpretation of its insurance policy;

(i)      without proper cause, wrongfully and knowingly refusing to reimburse Riva Ridge for all its covered hail loss under the insurance policy; and

(j)     failing to be fair, open, and to carry out its part of the bargain under the contract in good faith, contrary to its claim handling philosophy.

WHEREFORE, Plaintiff, Riva Ridge Residential Association-Two, prays for an award of taxable costs, including reasonable attorney fees, in its favor and against Defendant, QBE Insurance Corporation.

/s/ Edward Eshoo, Jr.
Edward Eshoo, Jr.
Christina Phillips
MERLIN LAW GROUP
181 West Madison, Suite 3475
Chicago, Illinois 60602
Telephone: (312) 260-0806
Facsimile: (312) 260-0808
eeshoo@merlinlawgroup.com
cphillips@merlinlawgroup.com