**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RIVA RIDGE RESIDENTIAL ASSOCIATION-TWO, )<br><br>   Plaintiff, )<br><br>   v. )<br><br>QBE INSURANCE CORPORATION )<br><br>   Defendants. ) | Case No.: 1:18-cv-02902 |

**QBE INSURANCE CORPORATION'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant QBE Insurance Corporation ("QBE") for its answer to Riva Ridge Residential Association-Two's ("Riva Ridge") Complaint states as follows:

**FACTS**

1. At all times relevant, Plaintiff, Rive [sic] Ridge Residential Association-Two ("Plaintiff" or "Riva Ridge) [sic], was and is a citizen of Illinois, being an Illinois not-for-profit corporation with its principal place of business in Libertyville, Illinois, and was and is the owner of 49 buildings in Libertyville, Illinois (collectively "the Buildings" or "the insured premises").

**ANSWER:** Upon information and belief, admitted.

2. At all times relevant, Defendant, QBE Insurance Corporation ("QBE"), was and is a Pennsylvania and New York citizen, being a Pennsylvania corporation with its principle [sic] place of business in New York, New York, was and is authorized to do business in the State of Illinois, and was engaged in the business of underwriting and issuing commercial property and casualty insurance for residential associations.

**ANSWER:** Admitted.

3. This Court has subject matter jurisdiction over this matter pursuant to Title 28, U.S.C. § 1332 (c)(1) because there is complete diversity of citizenship of the parties and the amount in controversy exceeds $75,000.

**ANSWER:** Admitted.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this judicial district and the events giving rise to their claims occurred in this judicial district. Additionally, QBE does business in this judicial district and resides here for venue purposes.

**ANSWER:** Admitted.

5. QBE issued to Riva Ridge a property and casualty insurance policy effective September 1, 2015 through September 1, 2016 ("the insurance policy", a copy of which is attached hereto as Exhibit A).

**ANSWER:** QBE admits that it issued policy number CAU230893-1 to Riva Ridge, with effective dates of September 1, 2015 to September 1, 2016. QBE further admits that a copy of that policy appears to be attached to Riva Ridge's Complaint as Exhibit A and that it provides property and casualty coverage to Riva Ridge subject to all of the policy's terms and conditions. The policy speaks for itself and QBE denies any allegations that conflict with the terms of the policy.

6. Under the insurance policy, QBE insured Riva Ridge against direct physical loss or damage to the insured premises caused by hail.

**ANSWER:** QBE admits that, in relevant part, the insurance policy provides coverage for direct physical loss or damage to "covered property," subject to all of the policy's terms and conditions. The policy speaks for itself and QBE denies any allegations that conflict with the terms of the policy.

7. On or about April 25, 2016, while the insurance policy was in full force and effect, the insured premises were damaged by hail.

**ANSWER:** QBE admits that the policy was in effect on April 25, 2016. QBE lacks sufficient information to form a belief as to the truth of the remaining allegations and; therefore, denies them.

8. Riva Ridge submitted a claim to QBE under the insurance policy.

**ANSWER:** Admitted.

2

9. Riva Ridge has substantially performed all conditions required by the insurance policy to be performed by it, requested of it, and/or not waived by QBE including, but not limited to (a) paying the premium for the insurance policy, (b) giving notice of the loss to QBE, (c) cooperating with QBE in its investigation of the loss and the subsequent claim, and (d) filing suit against QBE within two years of the loss.

**ANSWER:** QBE admits that the policy premium was paid. QBE denies the remaining allegations of this paragraph.

10. As a result, it is QBE's duty to pay the amount due under the insurance policy for the covered hail loss, including the cost to repair/replace the damage to the Buildings.

**ANSWER:** QBE admits that to the extent there was hail damage that took place on April 25, 2016 that QBE would owe sums to repair or replace that damage. Costs associated with repairing or replacing prexisting damage is not owed. To the extent a further answer is required, denied.

11. Although requested to do so, QBE has failed to pay for the damage sustained by Riva Ridge from the hail loss, including the cost to repair/replace the damage to the Building, thus breaching the insurance contract.

**ANSWER:** QBE admits that it has not paid the amounts claimed by Riva Ridge in relation to the alleged hail damage claim reported to QBE with a date of loss of April 25, 2016. QBE denies that all of the sums claimed by Riva Ridge are owed and denies that it breached the insurance contract.

12. This breach of the insurance contract was and is the direct and proximate cause of damages to Riva Ridge in an amount in excess of $75,000.

**ANSWER:** Denied.

13. This is an action based on a "written instrument" within the meaning of the Illinois Interest Act and, therefore, Riva Ridge is entitled to prejudgment interest.

**ANSWER:** This paragraph contains legal conclusions, assertions or arguments that do not require an answer. To the extent that an answer is deemed required, QBE

admits that the policy is a written instrument but denies that Riva Ridge is entitled to prejudgment interest. To the extent a further answer is deemed required, denied.

## COUNT II
### (Section 155 Relief)

14. Riva Ridge re-alleges paragraphs 1 through 11 of count I of the Complaint as paragraph 14 of count II of the Complaint.

**ANSWER:** QBE incorporates by reference its answers to paragraphs 1 through 11 of Count I of the Complaint as if fully set forth herein as its answers to paragraph 14.

15. At the time of the loss, QBE's internal claims policies, practices, and procedures included compliance with the regulations promulgated by the Illinois Director of Insurance within Part 919 of the Illinois Administrative Code as well as compliance with sections 154.5 and 154.6 of the Illinois Insurance Code.

**ANSWER:** QBE admits that its claim policies, practices and procedures include complying with applicable Illinois regulations and statutes. QBE denies that it failed to comply with any applicable regulations or statutes here. To the extent a further answer is required, denied.

16. Riva Ridge is entitled to an award of taxable costs under section 155 of the Illinois Insurance Code by virtue of QBE engaging in the following vexatious and unreasonable conduct including, but not limited to:

(a) failing to pay Riva Ridge for the loss within 40 days of the hail loss being reported to QBE, thus constituting an unreasonable delay in paying the claim as a matter of law, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(A) of the Illinois Administrative Code;

(b) failing to provide Riva Ridge with a reasonable written explanation for the delay in resolving its claim, after the claim remained unresolved for more than 75 days after it notified QBE of the loss, in violation of the regulations promulgated by the Illinois Director of Insurance within Section 919.80(d)(7)(B) of the Illinois Administrative Code;

(c) failing to provide Riva Ridge with a reasonable written explanation for the delay in resolving its claim, in violation of section 154.6 of the Illinois Insurance Codes [sic] and the regulations promulgated by the Illinois Director of Insurance within Section 919 of the Illinois Administrative Code;

4

(d) failing to acknowledge with reasonable promptness pertinent communications regarding the claim, in violation of the regulations promulgated by the Illinois Director of Insurance within section 919.40 of the Illinois Administrative Code;

(e) not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the hail loss and ensuing claim, a claim in which liability was reasonably clear, in violation of Section 154.6 of the Illinois Insurance Code and the regulations promulgated by the Illinois Director of Insurance within Section 919.50 of the Illinois Administrative Code;

(f) forcing Riva Ridge to retain legal counsel to investigate the hail loss and ensuing claim and to prosecute this lawsuit to recover all benefits that should have been immediately forthcoming under the insurance policy;

(g) refusing to pay for Riva Ridge's covered losses due and owing under the insurance policy without conducting a full, fair, and objective investigation based on all available facts and circumstances, as evidenced by it retaining an engineering firm to investigate the hail loss who is repeatedly used by and is biased in favor of insurers like QBE, in violation of its internal claims polices, practices, and procedures and in violation of Section 154.6 of the Illinois Insurance Code;

(h) disclaimed coverage for the hail loss based on an unreasonable interpretation of its insurance policy;

(i) without proper cause, wrongfully and knowingly refusing to reimburse Riva Ridge for all its covered hail loss under the insurance policy; and

(j) failing to be fair, open, and to carry out its part of the bargain under the contract in good faith, contrary to its claim handling philosophy.

**ANSWER:** Denied.

### AFFIRMATIVE DEFENSES

For its Affirmative Defenses, QBE Insurance Corporation states as follows:

1. Riva Ridge's Complaint fails to state facts sufficient to constitute a cause of action against QBE.

5

2. Riva Ridge failed to comply with the terms and conditions of the policy including the requirement to provide timely notice and to cooperate with QBE's investigation.

3. Some or all of the hail damage claimed by Riva Ridge pre-dates the reported April 25, 2016 date of loss and; therefore, Riva Ridge did not comply with the policy's requirement to bring suit within two years of the loss, which precludes coverage.

4. There is no coverage to the extent that an exclusion applies including the Acts or Omissions exclusion.

5. To the extent that Plaintiff or any alleged insured has failed to mitigate, minimize or avoid any damage allegedly sustained, and/or to the extent that Plaintiff seeks coverage for damages incurred as the result of Plaintiff's or any alleged insured's failure to take reasonable steps to prevent or mitigate damage, Defendant has no obligations under any Policy.

6. These claims are reduced, in whole or in part, to the extent coverage is available under other insurance.

7. These claims may be barred, in whole or in part, by the doctrines of laches, waiver, release, accord and satisfaction, unclean hands and/or estoppel.

8. QBE's claim investigation and decision were reasonable and in good faith precluding any alleged bad faith damages. At a minimum, coverage is fairly debatable, which also precludes any bad faith finding.

9. The Complaint contains insufficient information to permit QBE to raise all appropriate defenses and, therefore, QBE reserves the right to assert additional affirmative defenses.

WHEREFORE, for the foregoing reasons, Defendant QBE Insurance Corporation respectfully requests that this Honorable Court enter an order:

A. Dismissing the Complaint with prejudice; and

B. Awarding such other and further relief that the Court deems just and appropriate.

        Respectfully submitted,

        QBE INSURANCE CORPORATION

        /s/ Dennis M. Dolan
        One of Its Attorneys

Dennis M. Dolan
Patrick S. Kenney
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606
(312) 781-6641 (Dolan)
(312) 781-6567 (Kenney)
Dolan@litchfieldcavo.com
Kenney@litchfieldcavo.com
Attorneys for QBE Insurance Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2018, I electronically filed **QBE's Insurance Corporation's Answer and Affirmative Defenses to Plaintiff's Complaint** referred to therein with the Clerk of the Court using the CM/ECF system which will send notification of such filings to those parties of record in this case.

/s/Dennis M. Dolan
Dennis M. Dolan  (6229150)
Attorney for QBE
Litchfield Cavo LLP
303 West Madison Street, Suite 300
Chicago, Illinois 60606
(312) 781-6641 (Dolan)
(312) 781-6630 Facsimile
dolan@litchfieldcavo.com